IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00686-BNB

EUGENE ROMERO,

    Applicant,

v.

PAMELA PLOUGHE, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondent.

ORDER TO FILE PRELIMINARY RESPONSE

    Applicant Eugene Romero is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Colorado Territorial Correctional Facility in Cañon City, Colorado. Mr. Romero, acting *pro se*, has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.

    As part of the preliminary consideration of the Application in this case and pursuant to *Keck v. Hartley*, 550 F. Supp. 2d 1272 (D. Colo. 2008), the Court has determined that a limited Preliminary Response is appropriate. First, it appears that the Fremont District Court reviewed Applicant's claims as a challenge to the execution of Mr. Romero's sentence. *See* Application at 23-25. If Mr. Romero is challenging the execution of his sentence his claims more properly are raised in a 28 U.S.C. § 2241 action. Because it is not clear whether the action is a challenge to the validity of Mr. Romero's conviction and sentence, which is addressed in a § 2254 action, or a challenge to the execution of his sentence, which is addressed in a § 2241 action, the Court will direct the Respondents to brief this issue.

Respondents also are directed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to address the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies as applies to either § 2254 actions or § 2241 actions.  If Respondents do not intend to raise either of these affirmative defenses, Respondents must notify the Court of that decision in the Response.  Respondents may not file a dispositive motion as a Preliminary Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Preliminary Response, Respondents should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Applicant may reply to the Preliminary Response and provide any information that might be relevant to the classification of this action and the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies.  Applicant also should include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely habeas action in this Court as is necessary in response to Respondents' briefing regarding the classification of this action.  Accordingly, it is

ORDERED that **within twenty-one days from the date of this Order** Respondents shall file a Preliminary Response that complies with this Order.  It is

FURTHER ORDERED that **within twenty-one days of the filing of the Preliminary Response** Applicant may file a Reply, if he desires.  It is

FURTHER ORDERED that if Respondents do not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, Respondents must notify the Court of that decision in the Preliminary Response.

Dated: March 21, 2012

BY THE COURT:

s/Boyd N. Boland
United States Magistrate Judge