IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-00686-PAB

EUGENE ROMERO,

      Applicant,

v.

PAMELA PLOUGHE and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

_____

### ORDER DENYING APPLICATION FOR A WRIT OF HABEAS CORPUS
_____

This matter is before the Court on Applicant Eugene Romero's pro se Application

for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Docket No. 1], filed on

March 19, 2012.  Respondents have filed a Response to Application (Answer) [Docket

No. 11] and Applicant has filed a Reply [Docket No. 12].  Having considered the same,

the Court concludes that the Application should be denied.

## I.  BACKGROUND AND APPLICATION

In 1986, Applicant was convicted in the District Court of Fremont County,

Colorado of one count of second degree burglary, one count of theft, and five habitual

criminal counts. [Docket No. 1, at 23, 27].  Pursuant to former Colo. Rev. Stat.

("C.R.S.") § 16-13-101(2) (1986) ("old statute"), he was sentenced to life imprisonment

as a habitual criminal,.  *Id.* at 23.  The old statute provided that a person convicted of a

felony in Colorado who had been three times previously convicted of a felony "shall be

adjudged a habitual criminal and shall be punished by imprisonment in a correctional

facility for the term of his or her natural life." *Id.* Under a separate statute, an offender

who is imprisoned under a life sentence for a crime committed on or after July 1, 1985

shall not be paroled "until such inmate has served at least forty calendar years, and no

application for parole shall be made or considered during such period of forty years." §

17-22.5-104(2)(c), C.R.S. Accordingly, Mr. Romero is not eligible for parole until he has

completed forty calendar years of his life sentence.

By contrast, § 18-1.3-801(2) (2011), C.R.S. ("new statute") provides that a

person convicted of a felony in Colorado who has been three times previously convicted

of a felony shall be adjudged an habitual criminal and "shall be punished for the felony

offense of which such person is convicted by imprisonment in the [DOC] for a term of

four times the maximum of the presumptive range pursuant to § 18-1.3-401 for the

class of felony of which such person is convicted."[1] Offenders sentenced pursuant to

the new statute for any crime committed on or after July 1, 1993 shall be eligible for

parole in accordance with §§ 17-22.5-403 (parole eligibility) and 17-22.5-405 (earned

time credits). *See* § 17-22.5-104(2)(d)(II).

Mr. Romero claims in the Application that the sentencing and parole schemes

violate the Equal Protection Clause of the Fourteenth Amendment because they

impose disparate penalties on two distinct classes of habitual criminals who are

similarly situated. Applicant asserts that he is not receiving the benefit of parole

eligibility rules applicable to offenders convicted under the new statute, which allow

---

[1]Section 18-1.3-801(2), C.R.S., was enacted in July, 2002. However, the
statutory language was formerly included in a 1993 amendment to § 16-13-101(2),
C.R.S.

inmates to earn credits toward parole eligibility.  Mr. Romero argues that if he were allowed to earn credits available to offenders sentenced under the new statutory scheme, he would be entitled to immediate release.

## II.  LEGAL STANDARD

Mr. Romero has filed an Application pursuant to 28 U.S.C. § 2254.  A  § 2254 petition attacks the validity of a conviction or sentence, rather than its execution. *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir.1997).  By contrast, a § 2241 habeas proceeding is "an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Id.* (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)  "A motion pursuant to § 2241 generally . . . [includes] such matters as the . . . computation of a prisoner's sentence by prison officials. . . ."  *Hernandez v. Davis*, No. 07-cv-02406-REB-MEH, 2008 WL 2955856, at *7 (D. Colo. July 30, 1998) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)).  "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined."  *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996).

Respondents have represented to the Court, and the Court so finds, that the Application attacks the execution of Mr. Romero's sentence and therefore will be construed liberally under 28 U.S.C. § 2241.  *See, e.g., Callis v. Ortiz*, No. 07-1048, 247 F. App'x 112, 113 (10th Cir. Aug. 30, 2007) (unpublished).  The § 2241 Application is properly filed in this Court, given that Mr. Romero is confined within this District.

### III.  TIMELINESS OF APPLICATION AND EXHAUSTION OF REMEDIES

Respondents do not challenge the timeliness of the Application under the

one-year limitation period set forth in 28 U.S.C. § 2244(d)(1).  *See* Docket No. 6.

Respondents have further represented that they do not intend to raise the defense of

exhaustion of state court remedies.  *Id.*

### IV.  ANALYSIS

The crux of Mr. Romero's Application is that his equal protection rights have

been violated because similarly-situated persons sentenced as habitual criminals under

the new statute are treated more favorably for parole eligibility purposes than persons

sentenced under the old statute.  He argues that enactment of the new statute created

two distinct classes of habitual offenders: (1) a class of offenders with three prior felony

convictions who must serve forty calendar years without the benefit of good-time and

earned-time sentence reductions; and (2) a second class of offenders with three prior

felony convictions who are eligible for good- and earned-time credit reductions.  Mr.

Romero maintains that, if he had been sentenced under the new statute, he would be

entitled to immediate release on parole at this time pursuant to §§ 17-22.5.403 (parole

eligibility), and 17-22.5-405 (earned time deductions).  Applicant therefore requests that

he be treated, for parole purposes, as if he had been sentenced under the new statute.

Generally, the law in effect at the time of the commission of the offense

determines the applicable punishment as well as parole eligibility requirements.  *See,*

*e.g., People v. Flagg*, 18 P.3d 792, 794-95 (Colo. App. 2000).  The Colorado General

Assembly expressed its clear intent that the new statute apply only prospectively to

offenses committed on or after July 1, 1993.  *See People v. Kemp*, 885 P.2d 260, 265

(Colo. App. 1994) (citing Colo. Sess. Laws 1993, ch.322, § 28 at 1975-6); *People v.*

*Muniz*, 923 P.2d 1352, 1358 (Colo. App. 1996).  As such, Mr. Romero was sentenced

properly under the old statute, unless he can demonstrate an equal protection violation.

The Equal Protection Clause requires that no state "deny to any person within its

jurisdiction the equal protection of the laws."  U.S. Const. Amend. XIV.  "The threshold

requirement of an Equal Protection claim is a showing that the government

discriminated among groups."  *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001).

"A state practice will not require strict judicial scrutiny unless it interferes with a

'fundamental right' or discriminates against a 'suspect class' of individuals."  *Vasquez v.*

*Cooper*, 862 F.2d 250, 252 (10th Cir. 1988).  "Unless a legislative classification either

burdens a fundamental right or targets a suspect class, it need only bear a 'rational

relation to some legitimate end' to comport with the Equal Protection Clause of the

Fourteenth Amendment."  *White v. Colorado*, 157 F.3d 1226, 1234 (10th Cir.1998)

(quoting *Romer v. Evans*, 517 U.S. 620, 631 (1996)) (emphasis added).  *See also*

*Vasquez*, 862 F.2d at 251-52 ("Unless it provokes strict judicial scrutiny, a state practice

that distinguishes among classes of people will typically survive an equal protection

attack so long as the challenged classification is rationally related to a legitimate

governmental purpose") (citation omitted).

Individuals who commit offenses at different times and who are subject to

different sentencing schemes are not similarly situated for purposes of an equal

protection analysis.  *See McQueary v. Blodgett*, 924 F.2d 829, 835 (9th Cir. 1991)

(rejecting equal protection claim on basis that comparison of inmates sentenced after

passage of the Sentence Reform Act in July 1984 to those sentenced before July 1984

was not relevant to show that individuals were similarly situated); *Baker v. Director, U.S.*

*Parole Comm'n,* 916 F.2d 725, 727 (D.C. Cir. 1990) (finding no equal protection

violation where the petitioner's position was no worse than that of those sentenced at

the same time as he under the laws applicable at that time).  However, even assuming

that Applicant satisfies the threshold requirement of disparate treatment, the disparity

withstands rational basis review.

The rational basis standard of review applies because Mr. Romero is not a

member of a suspect class and neither parole nor habitual offender sentencing

implicates a fundamental right.  *See Greenholtz v. Inmates of Nebraska Penal and*

*Corr. Complex*, 442 U.S. 1, 7 (1979) (there "is no constitutional or inherent right of a

convicted person to be conditionally released before the expiration of a valid

sentence"); *People v. Medina*, 564 P.2d 119 (Colo. 1977) (observing that the

constitutionality of Colorado's habitual criminal statute is "well settled").  Under this

standard, Applicant must show that there is no rational relationship between the

disparity in treatment and some legitimate governmental purpose.  *Id.*

Mr. Romero's claim fails because he is not entitled to habeas relief due to a

subsequent change in Colorado's habitual criminal statute.  As aptly noted by the Court

of Appeals for the Seventh Circuit:

> States are certainly free to amend their sentencing laws and, having done
> so, they are not required to apply them retroactively to persons who have
> been validly sentenced under the law as it previously existed. . . .  Having

been properly sentenced under the law as it existed at the time of his conviction, [the petitioner] is not entitled to modification at this time.

*United States ex rel. Scott v. Illinois Parole & Pardon Board*, 669 F.2d 1185, 1192 (7th Cir. 1982) (cited with approval in *Murray v. Crowley*, 913 F.2d 832, 834 (10th Cir. 1990) (rejecting petitioner's equal protection argument for a sentence reduction based on change in Oklahoma's second degree murder statute)); *see also Rubio v. Estelle*, 689 F.2d 533, 536 (5th Cir. 1982) ("repeal of a statute does not repeal prior convictions based on violations of that statute when that statute was in effect"); *accord Dockins v. Hines*, 374 F.3d 935, 940 (10th Cir. 2004) ("[W]e have repeatedly refused to find a federal constitutional right to retroactive application of the more lenient [state] sentencing rules from which Petitioner seeks to benefit."); *United States v. Goncalves*, 642 F.3d 245, 253 (1st Cir. 2011) ("discrepancies among persons who committed similar crimes are inescapable whenever Congress raises or lowers the penalties for an offense.").

The former and current habitual criminal statutes are rationally related to the legitimate purpose of punishing more severely offenders who show a propensity toward repeated criminal conduct.  *People v. District Court*, 711 P.2d 666, 670 (Colo. 1985); *see also People v. Gutierrez*, 622 P.2d 547, 555 (Colo. 1980) (concluding that habitual offender statute had a rational basis because the "statutory scheme reflects progressively increasing penalties for a person who evidences an unwillingness or inability to reform and poses an attendant risk to society.").  Moreover, it was rational for the Colorado General Assembly to make the new statute prospective to prisoners who committed offenses on or after July 1, 1993 because "it would be costly and

burdensome for the courts to re-sentence offenders who were properly sentenced under the applicable law at the time." *Borelli v. True*, No. 99-3234, 1999 WL 1188847, at *2 (10th Cir. Dec. 14, 1999) (unpublished) (discussing federal Sentencing Reform Act of 1984). Because the General Assembly had a rational basis for creating a new habitual offender sentencing scheme and applying it prospectively, the existence of two separate categories of habitual offenders does not violate equal protection. *See id.*

In addition, the General Assembly's decision to extend parole eligibility to offenders sentenced to life imprisonment after serving forty calendar years, rather than after a percentage of time has elapsed, is rational because computing parole eligibility for a life sentence on the basis of an assigned percentage would be impractical, given the uncertainties associated with the length of any particular life sentence. *See also People v. Alexander*, 797 P.2d 1250, 1255 (Colo. 1990) ("[T]he statutory scheme that gives the parole board discretionary power to grant parole on the basis of factors other than the length of a prisoner's sentence is reasonably related to a legitimate government interest.") (internal citations omitted). And, finally, the Court observes that, because there is no constitutional or state statutory right to parole,[2] Applicant cannot show that he would be entitled to immediate release even if he were afforded parole eligibility under the new statute.

---

[2]*See Greenholtz*, 442 U.S. at 7; *Andretti v. Johnson*, 779 P.2d 382, 384 (Colo. 1989) (holding that Colorado's parole eligibility statutes "do not create an expectation of release before the expiration of a valid sentence so as to entitle prisoners to constitutional protections.").

Mr. Romero has failed to demonstrate a violation of his equal protection rights. He is not entitled to treatment under the parole regulations as if he had been convicted under the new statute.  As such, his request for habeas corpus relief must be denied.[3]

## V.  EVIDENTIARY HEARING AND CONCLUSION

The issues presented in the Application exclusively concern issues of law, with the general facts necessary to determine those issues not in dispute and already contained in the record.  Accordingly, an evidentiary hearing in this regard is not required.  *See generally*, 28 U.S.C. § 2243 (when entertaining an application for habeas corpus, a court must hold a hearing at which the applicant is present, unless the writ and return present only issues of law). Therefore, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **DENIED**. It is further

ORDERED that this case is dismissed with prejudice.  It is further

ORDERED that a certificate of appealability shall not issue because Applicant has not made a substantial showing of the denial of a constitutional right.

---

[3]To the extent Mr. Romero challenges the validity of the new statute, his challenge fails for lack of Article III standing because he was sentenced under the provisions of the old statute.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (to establish standing, plaintiff must show (1) he has suffered an injury in fact, (2) traceable to the defendants, (3) that can be redressed by a favorable decision of this Court.).

DATED August 6, 2012.

BY THE COURT:


  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge